Okay, the first two cases this morning are related, but we noticed that there are different counsels, so we'll leave it to you to decide which specific issues you want to emphasize. So the first case we'll hear is the Appeal No. 15-1183, Synopsys, Inc. v. Lee. Mr. Lowe. Robert Loeb Thank you, and may it please the Court, my name is Robert Loeb and I represent Synopsys in this appeal from the District Court's dismissal of Synopsys' APA action. Judge Goldberg Do you agree that if we hold in the second case that we can consider your claim on the merits with respect to the final decision that the APA case fails because you have an adequate remedy? Robert Loeb We do concede that if on review of the final written decision, this Court can review the legality and lawfulness of the regulation and the related policy and practice of issuing partial final written decisions, that that is an adequate remedy which will preclude APA review. Judge Goldberg Now you're confusing me because I thought that you were clear in the second case that you were only challenging the final decision and not challenging the decision to institute. Robert Loeb That's correct, Your Honor, that there is an error in the final written decision that this Court can review under Section 319. Judge Goldberg Okay, so let me reframe my question. Do you agree that if we entertain your challenge to the final written decision in the second case that you have no APA claim in the first case? Robert Loeb It would resolve one half of our APA complaint. Our complaint challenges two aspects. One, the validity of the regulation of the partial grants. Second, the related policy and practice of issuing final written decisions that relate only in part. It could be that as you address in your final written decision review the legality of the policy and practice of issuing final written decisions that don't address all claims. Judge Goldberg But you said to me that the second case doesn't involve the decision to institute. It only involves the final written decision, correct? Robert Loeb Correct. Judge Goldberg Okay, so is that an adequate remedy with respect to your challenge to the regulation or not? Robert Loeb It is not as to the regulation but as to the policy and practice of issuing final written decisions that only pertain to some or not What's animating them to do this is this regulation and the regulation is invalid. Certainly that could be in the scope of this court's review. Judge Goldberg So you could at least have raised it in the second case? Robert Loeb Raised the validity of the regulation? Judge Goldberg Yes. Robert Loeb Well, we're clearly raising the APA action and we are arguing there that what's before you is the final written decision and that the policy they have of only addressing some or part of the claims in the petition is invalid contrary to 318A. Judge Goldberg The question is you could have raised the validity. You can argue the question of the validity in the second case, can you not? Robert Loeb I believe that you can argue it to the extent that it is what's animating the PTAB to only address some but not all of the claims. Judge Goldberg Well, I think we're diverting you from the merits of the issue. I think we all appreciate that the particular question of reviewability could have been raised in various ways and I, for one, don't think that we want to require you to make a concession at this stage that hasn't been made. We have these separate appeals. The cases were filed. We need to dispose of them. We may very well say that one is mooted or whatever, but let's get to the merits of the argument. Robert Loeb So we think you can and should reach the merits of it, certainly at least the… says that you can't bring an APA action if you have another adequate remedy. So a central issue here is whether you have an adequate remedy in the other case. Judge Goldberg Right, and certainly you would be giving substantial relief to us if you hold in an on review of the final written decision that the board is acting unlawfully and not addressing all of the claims addressed by the petitioner in the petition. Robert Loeb In either case, we're going to have to decide whether the remedy is adequate in the merits. I really don't want to use up all of your time on this preliminary procedure, which we'll have to decide. Judge Goldberg And we think because the parties have briefed the merits of the underlying validity of the policy and practice and regulation, that this court could and should reach the merits, whether it's reviewing under the APA or whether it's reviewing on review of final decision, because it's before you in any event and it certainly would be efficient to just address the merits. Robert Loeb Yeah, but I think what we're trying to understand is whether you are challenging the regulation having to do with the institution in the APA action or you're only again challenging the failure to address all the claims of the final decision. Judge Goldberg We are challenging both clearly in the APA complaint. We are arguing that they have no authority to issue the partial grants of the partial institutions on the petition and that there's the related error that they have the policy and practice of then only issuing final written decisions as to some but not all of the claims in the petition. So you're right that it addresses half of what we open our APA complaint but does not address all. So what this court should do, we think, is address the error on the final decision under 319 on review of the final decision and then go ahead and also address under the APA, and you could do so here today, the validity of the regulation because the two are fundamentally flawed. Robert Loeb So the validity of the regulation about institution? Judge Goldberg It's a regulation regarding institution but it's not a review under section 314D of any determination of the board regarding institution. We are, like in the Supreme Court McNary case, there was a statute which limited review of the determination and in the words of the Supreme Court, the government argued there that it was clear and unambiguous. You cannot review the determination there of whether you're a special agricultural worker except for under the very limited review provided by Congress and the Supreme Court said that's fine but you have review under the APA to address the challenges as the case here to the legality of the regulation and the policies, including the validity of the regulation here. Robert Loeb So what about PREGIS? Because in PREGIS we said that an APA action was barred even though you couldn't get relief in the infringement action, right? Judge Goldberg Well, this court pointed out there were multiple other avenues Congress had provided for challenging the validity of the patent and that those were adequate remedies which precluded the APA action. So here the question is where can this regulation be challenged? Can it be challenged under the APA or can it be also resolved under the final written decision? Let me turn to the merits of the regulation in practice. Robert Loeb I don't think that's a full answer to PREGIS because it seems to me that PREGIS says that the whole structure of the statute suggested that these challenges should be brought before the PTO rather than an APA action or an infringement action rather than an APA action. So it seems to me that's a difficult case for you. Judge Goldberg Well, there you were challenging a particular validity of a patent. Here in the APA challenge we're arguing the validity and lawfulness of this regulation writ large as it applies to the whole patent world and that is in your wheelhouse of your general APA authority to address the lawfulness of government authority. The statute... Judge Goldberg Please proceed with the merits. We're going to have to decide the question in one case or the other. So under 318A it says PTAB shall issue a final written decision with respect to the patentability of any claim challenged by the petitioner. Obviously the regulation and the policy and practice of PTAB and the board here of having partial grants and partial final written decisions cannot be squared with the plain language of 318A. This court's Bierstadt v. Kraft decision explains that there's no merit to the argument that the word, including the word any, provides some ambiguity that gives the court or the board some authority to interpret any to mean anything but all and every. Also if you look at the prior statute which the AIA replaced, section 313, there Congress had provided authority in the re-examination to focus on a particular question. Judge Goldberg Yeah, but 318 says if an inter-party's review is instituted and not dismissed, then the PTO shall address every challenged claim. Why doesn't that preamble to 318A clearly mean that it's dealing only with claims as to which a decision has been made to institute review? The reading of that, the proper reading of that is that if review is instituted, it's an all or nothing proposition. Either you're instituting it to the petition or you're not. So it's thumbs up or thumbs down, but if you do... Judge Goldberg I don't think you're really answering my question. Why doesn't that preamble, 318A, pretty clearly say that it's dealing with claims as to which a review has been instituted? Judge Goldberg It is saying if review is instituted, there's some legal consequences, and the consequences is that the board then needs to issue a final written decision that addresses any claim challenged by the petitioner. So it doesn't say that when you're granting, you're only granting at certain claims and that the final written decision only needs to address those claims. It says once you've decided, there's an on and off switch, once you've decided that you're going to grant institution as they did in the 376 patent, which you'll hear about in a moment. There is a legal consequence of that decision at the institute, and 318A says in mandatory terms, you shall issue a final written decision with respect to any claim challenged by the petitioner. And we know from other language in that very statute, if you look at 312 and 314, it's defining claims challenged in terms of the petition. It defines what goes into the petition as you examine the claims challenged in the petition to see if there's at least one claim that may have merit. And then what you do is you then institute review, and 318 is very clear that when you do institute review, there shall be a mandatory requirement on the board to issue a decision, a final written decision as to any claim challenged by the petitioner. The government and mentor try to rewrite that provision, but the plain language here controls. Moreover, that plain language is fully consistent with congressional intent. The intent here was to try to displace district court litigation. And when you pick and choose which claim and have partial grants and partial decisions, you're completely undermining the effort of Congress to achieve, to displace that litigation. Instead, you have dual track litigation and board proceedings at the same time. The key is that 315, which provides a stopple and precludes the district court litigation, is hooked to there being a final written decision. So therefore, the final written decision is written a very broad term. You need to address any claim challenged by the petitioner, and then there will be a stopple as to all those claims in the petition. And that will fulfill the goal of Congress as to preclude the dual track litigation and board review. And I reserve the rest of my time for rebuttal. Well, we used up a good deal of your time with procedural matters, so please proceed. We'll restore your time. All right. So the key is that the grant of the petition, that means that as to any claim challenged by the petitioner, is now before the board, and we're going to have a stopple as to those claims. And once you have a stopple as to those claims, that is precluding the world envisioned by a mentor and by the government. You have partial grants, you have some claims which are being granted, some are denied, and the district court litigation is not going to be stayed. You're going to have burdens on the parties to proceed in both venues. So our position and our reading of Section 318As as to barring these partial grants and partial decisions is not only fully consistent with the language of the statute, but is also the reading of it which is most consistent with the intent and purpose of Congress. The whole purpose here was to displace district court litigation. So does everyone agree that on their theory of the case that only some claims need to be reviewed, that the district court can then go back and litigate the remaining claims as if there had been no proceeding in the office? So the government's position, as we understand it, is if there is a partial grant that they do under the regulation, and then a decision which only addresses that partial grant, there is no estoppel to the remaining claims. Well, you agree with that, right? Everybody agrees that there's no estoppel to claims that weren't the subject of a final decision. That's correct, Your Honor. The point, the question is do all the claims, any claims canceled by the district court... Your answer to Judge Newman's question is yes, they can litigate the other claims in district court. Yes, the board's position, I think that's the clear law that for 315 to take effect, it needs to be in the final written decision. That's consistently the government's position. That's consistently the government's. So the question is what goes in the final written decision. The question to me really is, is it consistent with the statute and the purpose of the statute, which is, I think everyone also agrees, to replace district court determination of validity by the expertise of the office, and not to only determine half of the claims in terms of validity. I couldn't have said it better, Judge Newman, that by deciding only some of the claims and having estoppel only apply to some of the claims in the petition, you're inherently going to have the district court litigation continue, and you're going to have this dual track before the district court and before the board, which is what Congress clearly did not want. It wasn't the clear intent of Congress to, in some instances, allow the board to not write the meritorious claims. Right, but then you'll have in one form, those claims could then proceed in the district court. What you won't have is this dual track. It gives them under Section 314 discretion as to whether to grant or deny, but then there's a legal consequence. When they do find there's one claim of sufficient merit, and they decide to institute, there is a legal consequence that then under 318, they need to address, have a final written decision which addresses the patentability of any claim challenged by the petitioner. But Congress gave the PTO the rulemaking authority here to decide the procedures for instituting review, and the regulation in question specifically says they can institute review as to some or all, correct? Correct, Your Honor. There's no question about what the regulation says. And our argument is not in interpreting the regulation, but as to the validity of that regulation and its consistency with the scheme enacted by Congress, and specifically... Where did Congress say you have to institute review as to all of the claims? Well, in 314, it says you look to the petition, and you look to whether there's merit to at least one claim, and then it says... Our 318 says that once you institute, you need to issue a final written decision... So there's no provision in the statute that says you have to institute as to all claims? Well, it doesn't say that in those terms, but if you read 314 and 318 together as you must, the natural reading of that together in a clear, plain language is... Well, that's what it detracts from your plain language claim, since there isn't any plain language saying you have to institute as to all the claims, right? It says once you institute, you need to issue a final written decision with respect to any claim challenged by the petitioner. We think that's very clear. That means once you institute, you don't have discretion to address only some of those claims and to issue a partial decision. So you have to have an institution as to all of them, and you need to issue... At minimum, you need a final written decision which addresses any patent claim challenged by the petitioner. That is the plain language of the statute which controls here. Even if there would be ambiguity of looking at 314 on its own, that ambiguity is obscured when looking in context of how that same language is used in 312, in 314, and significantly the legal consequences of a grant of institution in 318A. You disagree that what you're saying flies directly in the face of the legislative history of the AIA, right? I do not agree with that. The legislative history is clear. As Judge Newman said, the point was to displace district court litigation. And by having this split-the-atom approach, you're not displacing the litigation. So it's completely consistent with the intent of Congress to displace district court litigation. But also part of that legislative history is the old statute. If you look at the old version of Section 313, Congress granted in the re-examination the power to focus on one question and said, and you can have a written decision which only addresses that one particular question. They rejected that in the AIA and said, no, you have an institution as to the petition, you look as to whether one claim has merit or not, and you grant the petition. And then 318 unambiguously says once you grant the petition, there's a legal consequence there that you need to address any patent claim challenged by the petitioner. So both the express statements in the reports of Congress and the legislative history, they're replacing a statute and wiping it out, which would have granted them this authority and said, no, in your final written decision, you don't just address particular claims or particular questions, you address any patent claim challenged by the petitioner. Even though there's no district court litigation pending at all? Whether or not there is. So what's the purpose of Congress to require institution as to all claims if there's no district court litigation pending? The point is that once you get a decision in the final written decision and all the claims are addressed in the final written decision, then there's going to be a staffle under Section 315 which will preclude litigation or relitigation about those in the district court. If you don't have that, then the claims they didn't institute on are now either continue in the district court or in the future can be subject to claims because there is no estoppel. The point was to have resolution as to the patent and as to the petition and as to those claims that are subject to review in the PTAB that if there's institution, we get finality as to those claims under Section 315. 315 is really the driver of the congressional purpose here. It's to get estoppel to any patent claim challenged by the petitioner. So if you go thumbs up, we're going to institute. That means you need to address any claim challenged by the petitioner and there's going to be estoppel as to those claims which will fulfill the congressional purpose and the efficiency afforded by the AIA. Otherwise, you're back in the mire of having dual-track litigation or you'll litigate for the PTAB and then you'll then litigate in the district court. Next, let's hear from the other side and we'll save you rebuttal time. Thank you. Ms. Patterson. May it please the Court, Melissa Patterson for the Patent and Trademark Office. I'd like to focus on the actual complaint filed in the APA action in district court here. The actual complaint does seem to challenge this regulation and asks to have it invalidated. I think the Office's position is somewhat confusing, but they seem to be suggesting that at least in the APA action, they're challenging the regulation insofar as it permits the PTO to institute review only with respect to some of the claims covered in the petition and that's not an issue which is involved in the second case. Your Honor, separate and apart from any of the specific grievances with the institution decision in ICR 2012-42, this complaint doesn't give them standing. Now, I want to point out the actual complaint filed was focused on the regulation, but only insofar as it affected synopsis in this particular institution decision. And if you look at JA 36, they could not have been clearer that the final agency action they were relying on to get into court under the APA is, at paragraph 24, the Board's issuance of a final written decision in IPR 2012-42 on February 19th. That's the final agency action. And in their reply brief in this court, I think they're very candid that the only injury they have is that institution decision and what they plan to do is to go and get a different institution decision. And that sort of complaint, the actual complaint here, where you're upset by a particular institution decision and you want to get a different one, that runs straight into 314D's final and non-appealable bar. What they're trying to do is appeal by a different route than institution decision. Well, it gives them the benefit that perhaps they felt they needed to file some sort of protective appeal or take a protective path because of the novelty of everything that we're looking at with the America Invents Act. So I don't think it's a matter of motivation particularly. We have this case that's decided on the merits. Your Honor, I think on this case, this APA case, you don't look at those merits on this complaint because this is an end run around 314D's bar on institution decision. Well, all right. It could very well be that this particular issue needs to be decided in the other appeal, which would moot this area. And perhaps it's improper. I think let's discuss the merits rather than the propriety. We will have to decide it. But again, let's not exhaust our time here. Your Honor, the merits were not briefed in this case. I'm talking of the merits of the particular APA issue. That is the regulation, the validity of the regulation. In their opening brief in this case, Synopsys did not brief the merits. Their only pitch was we get to have an APA challenge. They did brief it in the case that's up next, and so I'm going to defer to my colleague from the PTO to discuss that. The sole issue here is the procedure. Yes, the sole issue in this case is whether they can bring it. Well, that's what I meant by the merits, the procedural merits of this path of reviewing what the director has adopted in terms of the opportunity of the office and the right of the office not to decide all of the claims. Your Honor, those sorts of merits are what we don't think this court can reach by an APA challenge. And I want to point out, if someone who's been through an IPR can take their dissatisfaction with an institution Well, they're challenging whether the regulation accords with the statute. You're saying that that can never be challenged under the APA? No, Your Honor, we're saying they cannot challenge it because their only injury here is a particular institution decision. We are not saying, and I think it's a mischaracterization that Synopsys makes, that no one could ever challenge this regulation. What we are saying is that you have to have an injury. You have to be trying to get something that is not a different institution decision. Now, if somebody brings that complaint under the APA, we're not saying that there's some sort of broad bar on judicial review of this regulation at the behest of any party at any time. But what we're saying is that your injury has to be something other than a particular institution. Who would have an injury which would allow them to bring an APA action? Well, I don't want to speculate on a potential complaint, but Well, my understanding of your theory is there isn't anybody who would do that. My understanding, they have to have a case pending before the PTO, which claims are being challenged. Anybody who has a case pending before the PTO has to litigate in the PTO and not in the district court. So it doesn't seem to me that you're leaving room for anybody to challenge the regulation. That's not necessarily wrong, but it seems to me that's the logic of your position. I don't think our position goes that far, Your Honor. Well, then who could challenge it? Well, I want to point out, synopsis says that this rule actually injures patent owners writ large because the estoppel effects are not as fully effective as they're supposed to be. If that's true and some patent owner's group says, Hey, we're getting hit with suits later, writ large, this regulation, the mere existence of this regulation on the books, it's hurting us, and they can make the kind of concrete, non-speculative showing that Article III requires I don't understand what you're talking about. Everybody agrees there's no estoppel for claims that aren't addressed by the PTO. And I think that's synopsis' complaint. We do agree that. And they agree with that, too. But they agree that that is the status quo. They disagree that it should be the status quo. Even though they're the petitioner here, I take it that their broader claim to standing that they made on appeal, they didn't make it in their complaint, but they made on appeal, is that this rule hurts us even when we're on the other end of these petitions when we're the patent owner. And so if that's true, if somehow patent owners writ large are being hurt by this regulation, separate and apart from any institution decision, they may well be able to bring an APA claim. Our only point here is you don't get to take your dissatisfaction with an institution decision, replead your complaint as, well, I'm not dissatisfied with the merits, I'm dissatisfied with the underlying policy. Agency decisions strive to be consistent. Their decisions in any particular case are almost certainly going to be undergirded by a policy, if not an actual regulation. If people unhappy with their decisions can artfully plead, claim, say, well, my injury is this institution decision. I'm attacking the policy underlying that institution decision. I get APA review. We are going to have the kind of bifurcated district court route versus federal circuit route. And as we all know, the IAA gave exclusive jurisdiction to this court to review final written decisions. If there are no further questions. Okay. Then we'll hear from Mr. Long. I have pleased the court. Robert Long representing Mentor Graphics Corporation. Mentor Graphics is principally concerned that this APA action not be used as a backdoor method to challenge the board's completed inter partes review. Synopsis waited until after the inter partes review was over to commence this challenge in the district court. We think it's clear that the decision to institute or not institute inter partes review can't be reviewed by any court. The final written decision in an inter partes review can only be reviewed by this court. So the district court can't possibly give synopsis the relief that it set out to get, which was to reopen this particular inter partes review. The issue here is not whether one or more claim had been at least tentatively deemed to be invalid. The issue here is the question of the relationship between the statute and the regulation. Is it not? So on the merits, I want to get to the merits very quickly, but I do think there's a standing question. One synopsis is I think it's now said it's okay we admit we can't get the district court to order the board to institute review on additional claims. I think they do have to establish the issue. I would say that it was crystal clear from the statute and the regulation that the statute says you must consider every claim once you claim it. Let me turn to the merits, your honor. Nonetheless, we have a regulation which says no, you don't have to, we're busy. And you're saying that that can't be judicially reviewed under the APA? We think the statute authorizes this regulation. Section 314A, that's the section of the statute about institution. It doesn't say anything about the board has to institute on all claims in the petition or none. It just says if at least one comes up to the threshold, then that's the precondition. The board may not institute. Well, I didn't want to press you into conceding that it can be reviewed. This is the first question, is it not? Whether assuming that a facially erroneous regulation is adopted in connection with a decision to institute. I thought I heard you say in your opening remarks that that cannot be reviewed. Oh, no. We think there can be review of the regulation. It simply has to be a challenge to the regulation that does not involve seeking review of a particular decision to institute or not institute IPR. That's the problem here. And the plaintiff would have to show an injury that can be redressed. So, for example, if there were an organization that files many petitions for inter partes review, they could show a likely imminent injury because they file so many that some are likely to be granted involvement. You forgot to publish it in the Code of Federal Regulations. And as a result, the reg is facially invalid. They can challenge that under the APA. Well, yes, Your Honor, but they still have to show standing. They have to show an injury caused by the unlawful regulation that would be redressed. And I'm suggesting to Judge Dyke there could be such a party. I don't think this regulation is insulated from review by this court. What we're urging is not to let synopsis, which came up with this assessment. You realize that the patent office position is that it is insulated. So you don't join with that. Is that correct? Well, I'm not sure that's exactly the patent office position, but our position is that there is a clear review on There's two separate questions here, the initiation decision and the final decision. With respect to the second case, they agree they're only challenging the final decision. We'll get to that and we'll see. But in the APA case, there's this other aspect of it. They say they're challenging the regulation insofar as it allows an institution with respect to fewer than all the claims. That is not an issue which can be litigated in the second case. So is that issue properly litigated in APA action? No, not by synopsis, because what they're trying to do here is they're trying to attack a particular decision not to institute. By somebody else? But we think it could be challenged by somebody else. For example, this group I was hypothesizing that files a significant number of petitions for inter partes review and could say, look, we can demonstrate to the court that it is likely and imminent within the next several months or so that we're going to have one that's going to be granted only in part because we do a volume business. And I think that in that situation they would not be challenging a particular decision to institute. But they say they're in that position. They say they are also a patentee and that they have cases like this before the PTO. Well, I think if you look at the PTO's brief on this, they cited eight. First of all, standing has to be judged on the allegations of the complaint and the motion to dismiss. They didn't allege any of this, but these eight actions, six of them, they're the patent owner. So they benefit if the review is narrower rather than broader. The PTO just told us that a patent owner could challenge the regulation. You're saying the patent owner can't challenge the regulation. Well, I was saying someone who was challenging a lot of other people's patents would be the most logical challenger. I mean, I don't know if this organization exists, a public interest group that wants to clean up patents and so is filing a number of petitions for inter partes review because they think these are bad patents and they need to be canceled. So their claims that they have raised in their briefs don't count for standing for the reasons the PTO has explained. Okay. Thank you, Mr. Long. All right, Mr. Loeb, you have your rebuttal time. Thank you, Your Honor. Let me just address the question of our standing, which was raised, of course, to appeal. But as to our standing, we in our complaint made clear that we have an injury from the 376 IPR proceeding. The government points to the Supreme Court Lyons case where there was a choke hold. It was over and can you now seek perspective and declaratory relief? And the Supreme Court said no. In contrast here, we have an ongoing case. The choke hold continues. The effects of their decision to have a partial grant and a partial decision here is having ongoing effect in the 376 case. When they did on appeal challenge our standing for the first time, we pointed out that we're a player on this in multiple cases, including at least six cases as patent owner. And this regulation and this policy also affects the patent owner. It deprives the patent owner from getting a stoppable effect as to the weak claim. So when a petition, there are weak claims, what should happen is there should be a decision in the final written decision and the patent owner should get a stoppable effect over the weak claims. Instead, under the government's position, the patent owner suffers as well because they do not get that stoppable effect. So we have ongoing injury in 376. Why would a patent owner want to be stopped? Isn't it the potential infringer who's looking for a stopper? Well, it's on both sides. The patent owner wants also to preclude district court litigation challenging the validity of the patent. If the claims are sustained, but if they're not, that ends it, right? That is correct, Your Honor. But if there's no grant as to those weak claims as what the board is doing now, then they don't go to a final written decision and there's no stoppable. The patent owner benefits from having those codified in the final written decision, so they're stoppable to any district court litigation challenging the patent on those grounds. As to the argument that we didn't challenge the regulation and policy in our complaint, I don't think that can withstand even the slightest bit of scrutiny. In our 12-page complaint, on every single page we are challenging the validity of the regulation and the validity of the policy and practice of having partial written decisions. It is true that the complaint in terms of standing only alleges injury resulting from the PTO case, which is the second case before us today, right? That is what we focus on for injury in that case. If the government had challenged our standing, we could have then submitted a declaration talking about the other cases where we're also injured. Why shouldn't your standing be judged by the face of the complaint? Well, ordinarily the party, when standing is put into play, does get to make a factual showing regarding its injury. Here, we have pointed to court documents showing that we're a frequent player in this field on both the challenging patents and as patent owner. And we have in the 376 case an ongoing injury, which is likely redressable from getting a positive ruling. And likewise, as with the cases when we're patent holder. Paragraph 11 of your complaint says jurisdiction is appropriate under the APA in 1331 because there is no other adequate remedy. Right, and if there is, as Judge Dyke started, if this court can reach these issues in the final written decision, we would concede that's an adequate remedy which would displace the APA review. Of course, the PTO has taken the position that you can't reach those issues, in which case APA review would be completely appropriate. So the two cases, you have a unique opportunity here to explicate whether there is judicial review of this regulation in policy and practice and whether it's before the APA or it's before this court upon final written decision. But what can't be the case... So whether there's an adequate remedy is dependent on which way we rule. Is that what you're saying? In part, Your Honor, absolutely. That if you find that in the course of deciding the final written decision, that the policy and practice of issuing final written decisions in part is inconsistent with 318A, that takes that out of our complaint and you have an adequate remedy as to that. And if this court goes further and says, and what's animating is this invalid regulation and that needs to be struck down as well, that would be an adequate remedy which would preclude the first part of our APA complaint too. So yes, the jurisdiction under the APA depends in part about what you hold in the next case here as well. But you're not challenging the institution decision and the regulation dealing with institution in the second case, right? We are not, Your Honor. I'm just pointing out that in your decision there, you could find that what's animating the error there is this invalid regulation and speak to it there. I mean, we could go beyond what you argue. It's not beyond what we argue. Looking at the scheme... Well, you say that you're only challenging the final written decision. Of course, this court only has authority to review the final written decision. So it's sort of chicken or the egg, if we're sure. The question is, what can you say in review of that final written decision? You can say that final written decision is an error because you're required to speak to any claim challenged by the petitioner. You can also say, why does the PTO think they have this authority? Why does the board think they have this authority? Well, they're relying on their regulation. That regulation is in conflict with 318A. I think you would have authority to say that on review of the final written decision, and all these arguments are before you between the two sets of cases, and I think Judge Newman has it right that there's a pragmatic imperative here to answer these questions once and for all in your adjudication of these two matters together. Well, let's go on to the second case, and we'll continue.